1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| KARAPET GAYANYAN, an individual; | ) CASE NO. CV11-04499 DDP (JEMx) |
|---|---|
| Plaintiff, | ) Assigned to: Magistrate Judge John E. McDermott |
| vs. | ) **[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS** |
| TRAVELERS INSURANCE COMPANY, a California corporation; and DOES 1 through 20, inclusive, | ) Case Removed: May 25, 2011<br>) Trial Date:  December 4, 2012 |
| Defendants. | |

Plaintiff Karapet Gayanyan (hereinafter "Plaintiff") and Defendant Travelers Commercial Insurance Company (hereinafter "Travelers") (collectively "Parties"), by and through their respective counsel of record, have stipulated and agreed to the entry of a Protective Order.  Based upon the stipulation and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1.      Documents and/or information marked as "CONFIDENTIAL," as described in paragraph 2 below, (including, but not limited to, documents, exhibits,

and deposition transcripts and testimony, and materials and documents prepared by experts containing confidential material), shall be governed by this Order.

2. "CONFIDENTIAL" information shall include information contained in documents or testified to in deposition or discussed in an expert report regarding Travelers' internal, non-public and proprietary corporate rules, policies and procedures applicable to the handling of first party property claims in California in effect during the time of the handling of the subject insurance claim, Travelers' underwriting file for the subject insurance policy, and reserves for the subject insurance claim.

3. Whenever experts, attorneys, paralegals or other persons prepare discoverable documents that summarize, recite or otherwise disclose such confidential information, the party or attorney for whom those persons performed services shall affix the marking "CONFIDENTIAL" in a conspicuous manner on each of those documents.

4. If any information or material designated to be CONFIDENTIAL pursuant to this Order is used during the course of a deposition in this action, that portion of the deposition record reflecting such confidential information shall be sealed and stamped or marked "CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Order.

5. Witnesses or counsel at a deposition in this action shall invoke the provisions of this Order by stating on the record during deposition that testimony given at the deposition is designated "CONFIDENTIAL." No person shall attend portions of the depositions designated "CONFIDENTIAL" unless such person is an authorized recipient of the confidential information under the terms of this Order. Any court reporter who transcribes "CONFIDENTIAL" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain protected and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony, will be marked

"CONFIDENTIAL" and will be retained in absolute confidence and safekeeping by such reporter, delivered to the attorneys of record or filed under seal with the Court.

6. Material designated as "CONFIDENTIAL," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to:

    a. parties or employees of such parties for use in relation to this litigation only;

    b. counsel for the parties or employees of such counsel to whom it is necessary that the confidential information or material be shown or disclosed for purposes of this litigation;

    c. independent experts working directly on this litigation at the request or at the direction of counsel;

    d. a court reporter transcribing, and an outside person translating at, a deposition in this matter;

    e. the Court and jury, as necessary for purposes of trial or motions; and

    f. third party witnesses who are called upon to provide testimony in deposition and/or at trial in this action, and who are first provided a copy of this Order and agree to comply with its terms.

7. If a party seeks to file Confidential Information with the Court, the party shall submit an appropriate application to the Court in accordance with Local Rule 79-5.1.

8. If counsel for any party claims that any other party has unreasonably designated information or documents produced hereunder to be confidential, or otherwise seeks relief from the terms of this Order, objecting counsel may make an application to this Court requesting that specifically identified documents be excluded from this Order, after the parties have conducted a prefiling conference in

accordance with Local Rule 37-1.  Any filing with the Court shall comply with the other requirements of Local Rules 37-2 and 37-3.

9. Any person or entity aggrieved by a violation of this Order may petition the Court for appropriate relief.

10. Any application, petition, or motion to the Court for relief pursuant to this Order shall be filed in accordance with Local Rules 37-1 through 37-3.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process.  Nothing in this Order nor the production of any information or document under its terms nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver, express or implied, by any party that information or documents designated by another party do in fact warrant protection, or is a trade secret and/or confidential information, or is otherwise admissible as evidence in this action.

12. Upon termination of this litigation, the originals and all copies of confidential materials shall be turned over to counsel for the party who produced such documents, or disposed of in some other manner that is mutually agreeable among the parties, except that counsel may retain one copy of all pleadings containing confidential information or documents.

///
///
///

**IT IS SO ORDERED.**

-5-

DATED: May 4, 2012

                                                */s/John E. McDermott*
                                              **Hon. John E. McDermott**
                                              United States District Court

Submitted by:
WESTON & McELVAIN LLP
Randy M. McElvain, Esq. (State Bar No. 137046)
Patricia A. Daza, Esq. (State Bar No. 261564)
601 S. Figueroa St., Suite 2350
Los Angeles, CA 90017
Telephone: (213) 596-8000
Facsimile: (213) 596-8039
E-mail: rmm7@wmattorneys.com
        pdaza@wmattorneys.com

Attorneys for Defendant
TRAVELERS COMMERCIAL
INSURANCE COMPANY

-5-
[PROPOSED] PROTECTIVE ORDER